UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 18-52426

DEON L. DRAKE, and                                                  Chapter 13
KEISHA A. DRAKE,
                                                                    Judge Thomas J. Tucker
            Debtors.
_____/

**ORDER DISMISSING CASE**

On September 10, 2018, the Debtors filed a voluntary petition for relief under Chapter 13, commencing this case. The Debtors are not eligible to be debtors in this case under 11 U.S.C. § 109(g)(2), which provides:

> (g)  Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtors were debtors in a case pending within the preceding 180 days of filing this case: Case No. 15-58337, which was voluntarily dismissed on August 23, 2018, after several requests for relief from stay had been made (and granted) in the case (*see* Docket ## 60-61, 63-64, 69-70). Ultimately, on August 23, 2018, the Debtors filed a motion to voluntarily dismiss that case, and an order of dismissal was entered the same day (Docket ## 84, 85).

The Court reiterates what it has held about § 109(g)(2) in prior cases, including the case of *In re Donovan*, Case No. 11-41734 (Docket # 24):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand. Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case, regardless of the debtor's good faith or whether there was any particular connection between the two events. *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)*, 209 B.R. 76, 77, 78 (6th Cir. B.A.P. 1997), and cases cited therein. The undersigned judge has so ruled in previous bench opinions, and adheres to that ruling now. *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).

*See also In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

Based on the facts stated above, the Debtors are not eligible to be debtors in any bankruptcy case filed within 180 days after August 23, 2018. As a result, this case must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on September 27, 2018**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**